UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

JOSEPH ESPOSITO and ALLISON STARR-ESPOSITO,

Plaintiff,

-against-

C.R. ENGLAND, INC. and JOSEPH H. JORDAN,

Defendants.

Civ. Action File No.:
10-cv-04838-JFB-AKT

**AMENDED
COMPLAINT**

Plaintiff, by his attorneys, SULLIVAN PAPAIN BLOCK MCGRATH & CANNAVO, P.C., as and for her Verified Complaint set forth the following upon information and belief:

## JURISDICTION, VENUE, AND CONDITIONS PRECEDENT

1.      Plaintiffs are husband and wife. They are citizens of the United States of America, live at 314 Walker Street, West Babylon, County of Suffolk and State of New York 11704, and are residents of the Eastern District of New York.

2.      The claims, as the result of a motor vehicle accident, herein were originally brought by the filing of a Summons and Verified Complaint in the Supreme Court of New York State, County of Suffolk on September 14, 2010. This Court assigned index number 33786/10.

3.      At that time the caption read "JOSEPH ESPOSITO and ALLISON STARR-ESPOSITO v. C.R. ENGLAND, INC. and 'JOHN DOE' the name being fictitious and intended to be the person operating a motor vehicle for and on behalf of C.R.

1

ENGLAND, INC on December 1, 2007 at approximately 10:00 a.m. and making a delivery to a DHL facility located, at that time, at 475 Dougherty Boulevard, Inwood, New York, his true name being unknown to Plaintiffs."

4.      As a result of the foregoing, and because the vehicle operator was unknown, the defendant C.R. ENGLAND, INC., (a corporation organized and existing under the laws of Utah, with its principal place of business in Salt lake city, Utah), by counsel, removed this matter to United States District Court, Eastern District of New York under the provisions of 28 U.S.C. § 1332 and 28 U.S.C. § 1441.

5.      On November 2, 2010 this Court granted an extension of time to Defendant C.R. ENGLAND, INC., to file an Answer pursuant to F.R.C.P. 81(c)(2)(C).  To date no Answer has been filed or served.

6.      Thereafter, as a result of an Order issued by U.S. Magistrate Judge A. Kathleen Tomlinson, Defendant C.R. ENGLAND, INC., turned over certain information to Plaintiffs which led to the positive identification of JOSEPH H. JORDAN as the operator of the tractor-trailer involved in the subject accident of December 1, 2010.

7.      On November 16, 2010 U.S. Magistrate Judge A. Kathleen Tomlinson granted Plaintiffs' motion to amend the Summons and Complaint.

8.      JOSEPH H. JORDAN has now been added as a named Defendant in place and in stead of "JOHN DOE" the name being fictitious and intended to be the person operating a motor vehicle for and on behalf of C.R. ENGLAND, INC on December 1, 2007 at approximately 10:00 a.m. and making a delivery to a DHL facility located, at that time, at 475 Dougherty Boulevard, Inwood, New York, his true name being unknown to Plaintiffs.

9.    Based upon both the information provided by Defense counsel for C.R. ENGLAND, INC. of the last known address of JOSEPH H. JORDAN as well as a search done by my office it appears that Defendant, JOSEPH H. JORDAN is a resident of the State of New York.  The New York State Commercial Driver's License for Defendant, JOSEPH H. JORDAN produced by Defendant, C.R. ENGLAND, INC.,  has a given address of "P.O. Box 30076, Brooklyn, New York 11203, a date of birth of 03-19-57, brown eye, 6' 1" in height and Class A.   A search of N.Y.S. Department of Motor Vehicles records conducted on November 11, 2010 reveals the same exact license information with a "valid" status and an expiration date of 03/19/2018.   A further identity search based on the foregoing information was conducted and a current residential address for Defendant, JOSEPH H. JORDAN of: 151 N. Elliott Way, Brooklyn, New York 11205-3049 was uncovered.

10.    Thus, notwithstanding, the foregoing, Plaintiff's are filing this Amended Summons & Complaint, re-serving, Defendant C.R. ENGLAND, INC. and serving defendant JOSEPH H. JORDAN.  Thereafter, Plaintiff will seek remand of this matter back to Supreme Court of the State of New York, County of Suffolk.

## EVENTS FORMING THE BASIS OF THE CLAIMS

11.    That at all times hereinafter mentioned, Plaintiff, JOSEPH ESPOSITO, was employed by DHL at 475 Dougherty Boulevard, Inwood, New York.

12.     That at all times hereinafter mentioned, Defendant, C.R. ENGLAND, INC., had a contract with Plaintiff, JOSEPH ESPOSITO's, employer (DHL) to make deliveries at 475 Dougherty Boulevard, Inwood, New York.

13.     That at all times hereinafter mentioned, Defendant, C.R. ENGLAND, INC., owned a certain tractor.

14.     That at all times hereinafter mentioned Defendant, C.R. ENGLAND, INC., owned a certain trailer.

15.     That at all times hereinafter mentioned Defendant, C.R. ENGLAND, INC., leased a certain tractor.

16.     That at all times hereinafter mentioned Defendant, C.R. ENGLAND, INC., leased a certain trailer.

17.     That at all times hereinafter mentioned Defendant, JOSEPH H. JORDAN, was an employee of Defendant C.R. ENGLAND, INC.

18.     That at all times hereinafter mentioned Defendant, JOSEPH H. JORDAN, was an agent and/or servant of Defendant, C.R. ENGLAND, INC.

19.     That at all times hereinafter mentioned Defendant JOSEPH H. JORDAN acted under the supervision, control and direction of defendant C.R. ENGLAND, INC.

20.     That at all times hereinafter mentioned Defendant JOSEPH H. JORDAN operated the aforementioned motor vehicle owned by defendant C.R. ENGLAND, INC.

21.     That at all times hereinafter mentioned Defendant JOSEPH H. JORDAN operated the aforementioned motor vehicle leased by defendant ENGLAND.

22.     That at all times hereinafter mentioned, Defendant, JOSEPH H. JORDAN, operated the above vehicle with the permission and consent of the Defendant C.R. ENGLAND, INC.

23.     That at all times hereinafter mentioned, Defendant, JOSEPH H. JORDAN, operated the above vehicle with the permission and consent of the owner of said vehicle.

24.     That at all times hereinafter mentioned, Defendant, JOSEPH H. JORDAN, operated the above vehicle with the permission and consent of the lessee of said vehicle.

25.     That at all times hereinafter mentioned, Defendant, JOSEPH H. JORDAN, operated the above vehicle while in the course of his employment with the defendant C.R. ENGLAND, INC..

26.     That at all times hereinafter mentioned, Defendant, JOSEPH H. JORDAN, while operating the aforementioned motor vehicle in the course of his employment for defendant C.R. ENGLAND, INC. made deliveries at the DHL at 475 Dougherty Boulevard, Inwood, New York.

## FIRST CAUSE OF ACTION

27.     Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs "1" through "26" above as if more fully set forth herein at length.

5

28.     On December 1, 2007, at approximately 10:00 a.m., Defendant, JOSEPH H. JORDAN operated the aforesaid motor vehicle to make a delivery at DHL located at 475 Dougherty Boulevard, Inwood, New York.

29.     On December 1, 2007, at approximately 10:00 a.m., Plaintiff, JOSEPH ESPOSITO, was lawfully operating a forklift in the course of his employment with DHL at 475 Dougherty Boulevard, Inwood, New York.

30.     On December 1, 2007, at approximately 10:00 a.m., Defendant, JOSEPH H. JORDAN, while making a delivery at DHL at 475 Dougherty Boulevard, Inwood, New York, suddenly, violently and without warning operated the aforesaid motor vehicle and departed the loading dock area while Plaintiff, JOSEPH ESPOSITO, was operating the aforesaid forklift and unloading a palette from within the defendants' vehicle.

31.     On December 1, 2007, at approximately 10:00 a.m. and as a result of the operation of defendants' vehicle as aforesaid Plaintiff, JOSEPH ESPOSITO, while operating the forklift, as aforesaid, fell from the rear of defendants' vehicle.

32.     On December 1, 2007, at approximately 10:00 a.m., the aforementioned fall sustained by Plaintiff, JOSEPH ESPOSITO, from Defendants vehicle,  occurred by reason of the negligence, carelessness and recklessness of the Defendants concerning their ownership, operation, maintenance, control and supervision of its vehicle.

33.     That the said occurrence was caused solely by reason of the negligence, carelessness and recklessness of the Defendants, in their ownership, lease, operation, maintenance and control of their said motor vehicle.

34.     By reason of the foregoing negligence, carelessness and recklessness of the Defendants, plaintiff, JOSEPH ESPOSITO, was injured.

35.     By reason of the foregoing negligence, carelessness and recklessness of the Defendants, Plaintiff, JOSEPH ESPOSITO, was seriously injured.

36.     That by reason of the foregoing, Plaintiff, JOSEPH ESPOSITO, sustained great bodily injuries with accompanying pain; was rendered sick, sore, lame and disabled and sustained injuries of a permanent and lasting nature, was and continues to be obliged to expend and incur large sums of money for medical aid and attention in an endeavor to cure himself from the injuries he sustained and will continue to be so liable in the future.

37.     By reason of the foregoing, Plaintiff, JOSEPH ESPOSITO, sustained a serious injury as defined by Section 5102(d) of the Insurance Law of the State of New York and/or economic loss as defined by Section 5102(a) of the Insurance Law of the State of New York.

38.     As a result of the foregoing, Plaintiff, JOSEPH ESPOSITO, has been damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

39.     Plaintiffs repeat and reiterate each and every allegation set forth in paragraphs "1" through "38" as if set forth at length herein.

40.     That at all times hereinafter mentioned, the Plaintiff, ALLISON STARR-ESPOSITO, was and still is, the wife of the Plaintiff, JOSEPH ESPOSITO, and as such, the

Plaintiff, ALLISON STARR-ESPOSITO, was and still is, entitled to her husband's love, services, affection, support, and companionship, and was, and still is, responsible for his husband's welfare and medical expenses.

        41.        That by reason of the foregoing, Plaintiff, ALLISON STARR-ESPOSITO, has been damaged in an amount to be determined at trial.

        WHEREFORE, Plaintiffs respectfully demand judgment against Defendants, jointly and severally, as follows:

        (a) On the First Cause of Action for relief against the Defendants for conscious pain, suffering, loss of enjoyment of life and compensatory damages in an amount to be determined at trial, and

        (b)  On the Second Cause of Action for relief against the Defendants for loss of consortium and compensatory damages in an amount to be determined at trial.

Dated: Mineola, New York
       November 18, 2010

        Yours, etc.,

        SULLIVAN PAPAIN BLOCK
        MCGRATH & CANNAVO P.C.

By: _____
        Matthew J. Jones (MJ-3769)
        Attorneys for Plaintiff
        55 Mineola Boulevard
        Mineola, New York 11501
        (516) 742-0707